UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00037-FDW-DSC

| | |
|---|---|
| NORMA DARWIN LANE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CUMMINS INC. D/B/A CUMMINS ) | |
| ATLANTIC, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Because Plaintiff appears *pro se,* the Court issued a Roseboro notice (Doc. No. 16). Plaintiff timely responded (Doc. No. 18), and Defendant then replied to Plaintiff's Response Motion (Doc. No. 19). Upon review by the Court, Defendant's Motion is GRANTED, and Plaintiff's suit is dismissed without prejudice.

## I. BACKGROUND

Plaintiff Norma Darwin Lane filed this action[1] in this Court on January 25, 2018. (Doc. No. 1). Plaintiff is a resident of Fort Mill, South Carolina, and an employee of Cummins, Inc., ("Defendant"), which is located in Charlotte, North Carolina. (Doc. No. 1, p. 1).

Defendant hired Plaintiff in October 2001 to work as an Accounts Receivable Analyst. (Doc. No. 1, p. 2). In March of 2017, Plaintiff learned that various positions in the accounting

---

[1] The allegations and assertions of the pleadings and supporting affidavits are to be read in the light most favorable to Plaintiff. Combs v. Bakker, 886 F.2d 673,676 (4th Cir. 1989).

department, including hers, would be transferred to and consolidated with Defendant's Nashville office. Id. at 3. Plaintiff alleges she was led to believe that she would be laid off because of this change while a younger employee in Plaintiff's same department would be retained. Id. Plaintiff alerted her manager about the alleged appearance of age discrimination, and on May 4, 2017, she filed Charge No. 403-2017-01104 ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"). Id. In her EEOC Charge, Plaintiff alleged Defendant had violated the Age Discrimination in Employment Act by not eliminating "all of the similarly situated positions" at her branch location. (Doc. No. 13-1, p. 2).

On June 30, 2017, Defendant told Plaintiff that her job would be retained until at least October of that year. (Doc. No. 1, p. 3). Plaintiff alleges that because of the EEOC Charge, Defendant had retaliated against Plaintiff by questioning the quality of her work, monitoring her closely, excluding her from trainings and meetings, and keeping her employment status in limbo. Id. at 3-4. On October 31, 2017, the EEOC issued Plaintiff a "Dismissal and Notice of Rights" letter, notifying her the EEOC was unable to conclude that Defendant violated any anti-discrimination statutes. (Doc. No. 1, p. 7).

Plaintiff remained employed with Defendant until she contends she was "forced" to resign on April 10, 2018. (Doc. No. 18, p. 4). Plaintiff alleges Defendant forced her to resign when her cubicle was moved closer to her supervisor for closer monitoring, which added to the stress and harassment Plaintiff had allegedly suffered at the hands of Defendant. Id.

Plaintiff filed this present suit in January of 2018, and Defendant moved to dismiss Plaintiff's complaint with prejudice on April 9, 2018. (Doc. No. 12).

## II. ANALYSIS

Construed liberally, Plaintiff has alleged: (1) age discrimination, (2) constructive discharge and (3) retaliation. (Doc. Nos. 1, 18). Defendant moves this Court to dismiss Plaintiff's Complaint in its entirety and with prejudice. (Doc. No. 13, pp. 1, 13). Defendant argues Plaintiff has failed to state a claim upon which relief can be granted for her age discrimination claim (Doc. No. 13, p. 1), and this Court lacks subject matter jurisdiction over Plaintiff's retaliation and constructive discharge claims because Plaintiff failed to exhaust the administrative remedies.

### A. Failure to State a Claim

#### 1. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

> Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Supreme Court has determined that *pro se* complaints shall be reviewed liberally; however, district courts may dismiss a complaint if it is evident that no set of facts exist which would entitle the plaintiff to relief. See Cornish v. Schaefer, 809 F.2d 785 (4th Cir. 1987) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Boyce v. Alizaduh, 595 F.2d 948, 951 (4th Cir.1979)).

**2. Age Discrimination**

Defendant argues Plaintiff's age discrimination claim under the Age Discrimination in Employment Act ("AEDA") fails because Plaintiff has not made a prima facie showing of discrimination. (Doc. No. 13, pg. 1). Under the AEDA, employers are prohibited from taking an adverse employment action because of an employee's age. 29 U.S.C.A § 623(a)(1). In the Fourth Circuit, adverse employment actions are those actions which affect an individual's "compensation, terms, conditions or privileges of employment." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004) (quoting 42 U.S.C § 2000e-2(a)(1)). The terms, conditions, or privileges of an individual's employment will be adversely affected when an individual can point to action such as "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory

4

responsibility, or reduced opportunities for promotion." Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999).

Anything short of an "ultimate employment decision" will not be sufficient to establish a discrimination claim under the AEDA. See Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) (explaining that the question at the center of Title VII and other "comparable provisions" is if there has been discrimination in "ultimate" personnel decisions). Moreover, dissatisfaction with or stress about various aspects of the employee's work will not typically indicate that the "employer has committed an actionable adverse action," nor will "speculation about future adverse consequences" suffice. James, 368 F.3d at 377.

Here, Plaintiff has not suffered an adverse employment action. She has not alleged discharge nor demotion, and as Defendant points out, Plaintiff actually retained her job and benefits until she *resigned* eleven (11) months after she filed her EEOC Charge. Further, Plaintiff has not specifically explained how her exclusion from trainings and meetings would reduce her current or future responsibilities. Although this Court construes all of Plaintiff's pleadings liberally, there are simply not enough facts alleged to allow this Court to draw a reasonable inference that Defendant has discriminated against Plaintiff because of her age. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's age discrimination claim is DISMISSED without prejudice.

### 3. Constructive Discharge

Defendant argues Plaintiff's constructive discharge claim must fail because Plaintiff's factual allegations do not rise to level of intolerability required for a constructive discharge claim to succeed. (Doc. No. 19, pg. 3). An employee will only be constructively discharged when the

"circumstances of discrimination [are] so intolerable that a reasonable person would resign." U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc., 860 F.3d 131, 144 (4th Cir. 2017) (quotation and citation omitted). The Fourth Circuit has required that constructive discharge claims be "carefully cabined" because claims of constructive discharge are "so open to abuse." Paroline v. Unisys Corp., 879 F.2d 100, 114 (4th Cir. 1989) (Wilkinson, J., dissenting), rev'd en banc 900 F.2d 27 (4th Cir. 1990) (reversing the constructive discharge claim for the reasons stated in the original dissent). Mere dissatisfaction, unfairness, or difficult and unpleasant working conditions will not rise to the level of objective intolerability required for a constructive discharge claim. Williams v. Giant Food Inc., 370 F.3d 423, 434 (4th Cir. 2004).

Here, Plaintiff has not been constructively discharged. Plaintiff alleges that "stress and harassment [by Defendant]" caused her to resign her position on April 10, 2018. (Doc. No. 18, p. 4). In particular, Plaintiff notes her cubicle was moved "in full view of her supervisor" and alleges this change was due to Defendant's "need to monitor the Plaintiff's work and every move." (Doc. No. 18, p. 3). Plaintiff also references her exclusion from various trainings and meetings and Defendant's alleged "omissions and fabrications" as a basis for her constructive discharge. Id. at 2-3. The facts as Plaintiff has alleged do not rise to the level of objective intolerability required for a constructive discharge claim. Although this Court liberally construes all of Plaintiff's pleadings, Plaintiff has not detailed any factual basis sufficient for this Court to draw a reasonable inference that Plaintiff has been constructively discharged. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's constructive discharge claim is DISMISSED without prejudice.

**B**. **Subject Matter Jurisdiction**

    1. **Standard of Review**

Rule 12(b)(1) provides for dismissal where the federal district court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction exists when the complaint raises a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of subject matter jurisdiction may be raised at any time either by a litigant, or by the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 698 (E.D.Va. 2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). In a discrimination context, 42 U.S.C. § 2000e-5(f)(3) grants subject matter jurisdiction to federal district courts over actions brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). Chris v. Tenet, 221 F.3d 648, 651 (4th Cir. 2000).

    2. **Failure to Exhaust Administrative Remedies**

Plaintiff alleges she has been retaliated against by Defendant for filing her EEOC Charge. (Doc. No. 1, p. 4). The alleged retaliation occurred when Defendant closely monitored Plaintiff's work and excluded her from various trainings and meetings. Id. Defendant argues Plaintiff's EEOC charge did not describe her claim as retaliation, which therefore limits this Court's jurisdiction to only Plaintiff's age discrimination claim. "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Marsh v. CBD Media Corp., WL 3151946, at *3 (W.D.N.C. Sept. 24, 2009) (quoting Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)). Thus, a

federal suit is "generally barred if the EEOC charge alleges discrimination on one basis . . . and the formal litigation claim alleges discrimination on a separate basis." Jones, 551 F.3d at 300.

However, claims based on retaliation in response to a filing of an EEOC charge can be raised for the first time in federal court. Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). Yet, for the retaliation claim to relate back to the first EEOC charge, the first charge must give rise to formal litigation. See Jones, 551 F.3d at 304 (explaining that the plaintiff's retaliation claim can only relate back, and thus fulfill the administrative remedy exhaustion requirement, if the first claim is properly before the court).

Here, Plaintiff's retaliation claim is based on her underlying age discrimination claim. Plaintiff's age discrimination claim is not properly before the court because, as discussed above, Plaintiff has failed to state a claim upon which relief can be granted. Defendant's Motion to Dismiss Plaintiff's retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 12) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED. As stated above, Plaintiff fails to allege sufficient facts to support her claims of age discrimination and constructive discharge. Because her age discrimination is not properly before the court, Plaintiff's claim of retaliation fails, as well. Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: May 29, 2018

_____
Frank D. Whitney
Chief United States District Judge